**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>(01) GREGORY ALAN EVANOFF,<br>     [DOB: 08/02/1972],<br><br>(02) JAMES FRANCIS JORDEN II,<br>     [DOB: 09/08/1977],<br><br>(03) CHRISTOPHER GERALD LOREE,<br>     a/k/a, "Little Chris"<br>     [DOB: 07/14/1997],<br><br>(04) NATHANIEL JOSHUA DENNETT,<br>     a/k/a "Nate"<br>     [DOB: 10/20/1970],<br><br>(05) SHAWN CHRISTOPHER EVANS,<br>     [DOB: 12/22/1971],<br><br>(06) KRYSTAL L. MANN,<br>     [DOB: 12/31/1981],<br><br>(07) BROOKE ASHLI OLIVER,<br>     [DOB: 06/29/1989],<br><br>(08) JUSTIN CHARLES SAIGHMAN,<br>     a/k/a "White Boy"<br>     [DOB: 01/20/1991],<br><br>(09) DANNY EUGENE CAMPBELL, JR.,<br>     [DOB: 02/15/1992],<br><br>(10) RITA RENEE EVANOFF,<br>     [DOB: 11/01/1978],<br><br>            Defendants. | Case No. _____<br><br>**COUNT ONE:** *All Defendants*<br>*(Conspiracy Distribute Methamphetamine)*<br>21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846<br>NLT: 10 Years Imprisonment<br>NMT: Life Imprisonment<br>NMT: $10,000,000 Fine<br>NLT: 5 Years Supervised Release<br>Class A Felony<br><br>**COUNT TWO:** *All Defendants*<br>*(Conspiracy to Commit Money Laundering)*<br>18 U.S.C. §§1956(a)(1)(A)(i),(B)(i),(ii), & (h)<br>NMT: 20 Years Imprisonment<br>NMT: $500,000 Fine<br>NMT: 3 Years Supervised Release<br>Class C Felony<br><br>**ALLEGATIONS OF CRIMINAL FORFEITURE:** *All Defendants*<br>21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1)<br><br>$100 Mandatory Special Assessment for each count of conviction |

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE – *all Defendants*
**(*Conspiracy to Distribute more than 500 Grams of Methamphetamine*)**

Between on or about January 1, 2011, and January 08, 2019, the exact dates unknown to the Grand Jury, within the Western District of Missouri and other places, GREGORY ALAN EVANOFF, JAMES FRANCIS JORDEN II, CHRISTOPHER GERALD LOREE, a/k/a "Little Chris," NATHANIEL JOSHUA DENNETT, a/k/a "Nate," SHAWN CHRISTOPHER EVANS, KRYSTAL L. MANN, BROOKE ASHLI OLIVER, JUSTIN CHARLES SAIGHMAN, a/k/a "White Boy," DANNY EUGENE CAMPBELL, JR., and RITA RENEE EVANOFF, defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and others, both known and unknown to the Grand Jury, to distribute five-hundred (500) grams and more of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

## COUNT TWO – *all Defendants*
**(*Conspiracy to commit Money Laundering*)**

Between on or about January 1, 2011, and January 08, 2019, the exact dates unknown to the Grand Jury, within the Western District of Missouri and other places, GREGORY ALAN EVANOFF, JAMES FRANCIS JORDEN II, CHRISTOPHER GERALD LOREE, a/k/a "Little Chris," NATHANIEL JOSHUA DENNETT, a/k/a "Nate," SHAWN CHRISTOPHER EVANS, KRYSTAL L. MANN, BROOKE ASHLI OLIVER, JUSTIN CHARLES SAIGHMAN, a/k/a "White Boy," DANNY EUGENE CAMPBELL, JR., and RITA RENEE EVANOFF, defendants herein, and others, both known and unknown to the Grand Jury, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, did

knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to conduct financial transactions which in fact involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute controlled substances, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in **Count One** of this indictment, with the intent to promote the carrying on of that specified unlawful activity, to wit: items of value, including cash, obtained from illegal controlled substance sales (*i.e.* "proceeds") were used in whole or part to purchase additional controlled substances for sale, thus promoting the charged conspiracy, and additionally, knowing the transactions were designed to conceal the nature, source, location, ownership, and control of the said proceeds and to avoid reporting requirements, in that cash, obtained from controlled substance sales (*i.e.,* "proceeds"), was then deposited, in whole or part, into various financial institution accounts or stored, used, transmitted, or transported in such a manner as to conceal its true nature, source, location ownership, and control, and to avoid bank reporting requirements, all thus concealing the proceeds from the drug conspiracy.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i), (ii) and (h).

The object of the conspiracy was to use drug sale proceeds to promote the drug trafficking conspiracy charged in **Count One** and to conceal drug sale proceeds of that drug trafficking conspiracy.

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

1. It was part of the conspiracy that its members would and did buy and sell illicit drugs.

2. It was further a part of the conspiracy that its members would and did obtain proceeds, in different ways or forms, from said buying and selling of illicit drugs.

3. It was further a part of the conspiracy that its members would and did treat the said proceeds in such a manner as to conceal the nature, source, location, ownership, and control of said proceeds and to avoid reporting requirements of said proceeds.

4. It was further a part of the conspiracy that its members would and did promote the conspiracy by exchanging items of value they obtained in a variety of manners for drugs to use and sale.

5. It was further a part of the conspiracy that its members would and did promote the conspiracy by obtaining additional illicit drugs for distribution with said proceeds.

6. It was further part of the conspiracy that its members would and did obtain assets with cash drug proceeds and did not identify the cash as drug proceeds.

7. It was further a part of the conspiracy that its members would and did deposit or transmit cash drug proceeds in and with various financial institutions and money transmitting businesses and not identify them as drug proceeds.

In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

1. During the conspiracy period, conspirators both charged and uncharged, paid cash for controlled substances, thereby obscuring the drug trafficking conspiracy.

2. During the conspiracy period, conspirators packaged, transported, stored and used said proceeds without revealing their true source and in a manner as to conceal that true source.

3. During the conspiracy period, conspirators operated with coded terms and maintained coded records of drug amounts sold and cash proceeds collected or owed for drugs, thereby obscuring the nature and source of the cash.

4. During the conspiracy period, conspirators used cash proceeds from drug sales to fund other activities such as real property purchases, personal property purchases, travel, and living expenses, thereby obscuring the nature, source, or ownership of the cash.

5. During the conspiracy period, cash from drug sale proceeds was deposited, transmitted, or stored in such a manner so as to not reveal its source, location, or ownership and to avoid reporting requirements.

6. During the conspiracy, on multiple occasions, conspirators took cash obtained from drug sales and used those drug sale proceeds to purchase additional controlled substances.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(i), (ii) and (h).

## ALLEGATIONS OF FORFEITURE

The allegations contained in **Counts One and Two** of this indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture, respectively, pursuant to the provisions of Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1).

Upon conviction of **Count One**, each defendant named herein shall forfeit to the United States all property, real and personal, constituting or derived from any proceeds the defendant obtained directly and indirectly as a result of the violation incorporated by reference in

this Allegation of Forfeiture Count and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violation incorporated by reference in this allegation, including, but not limited to, a **money judgment of approximately $1,750,000.00** in United States currency, and any interest and proceeds traceable thereto, in that at least this sum, in aggregate, was received in exchange for the unlawful distribution of more than 3500 ounces of methamphetamine, or is traceable thereto, based on an average street price of $500.00 an ounce of methamphetamine.  Upon conviction of **Count Two**, each defendant shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property, including, but not limited to, a **money judgment of approximately $1,750,000.00** in United States currency, and any interest and proceeds traceable thereto, in that at least this sum, in aggregate, was involved in the money laundering conspiracy.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property of the above-named defendants, as a result of any act or omission of the defendants -

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other

property of said defendants up to the value of the above-described forfeitable property or to seek return of the property to the jurisdiction the court so that the property may be seized and forfeited.

All pursuant to the provisions of Title 18, United States Code, Section 982(a)(1) and procedures outlined in Title 21, United States Code, Section 853, and pursuant to Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL.

*/s/ Shannon Cassidy*
FOREPERSON OF THE GRAND JURY

1/8/19
DATE

*/s/ Bruce Rhoades*
Bruce Rhoades
Assistant United States Attorney
Western District of Missouri

7